UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WILLIAMS,

        Petitioner,

v.                                        Case Number: 07-CV-12318
                                            Honorable Patrick J. Duggan

JAN E. TROMBLEY,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND (2) GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 15, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    UNITED STATES DISTRICT COURT JUDGE

Petitioner Gary Williams, a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  On June 16, 2009, this Court denied the petition. Petitioner subsequently filed a Notice of Appeal (Doc. 17), an Application to Proceed *In Forma Pauperis* on Appeal (Doc. 18), and a Motion to Extend Time in Which to Move for Reconsideration, or Alternatively for a Certificate of Appealability (Doc. 21) ("motion for certificate of appealability").[1]

---

[1] In this last motion, Petitioner requests additional time to file a motion for reconsideration of the dismissal of his Petition, presumably under Federal Rule of Civil Procedure 59(e).  Petitioner claims that he was not served with a copy of Respondent's Answer to the Petition.  This is despite the fact that Respondent filed a Certificate of

Before a petitioner may appeal a court's dispositive decision denying a petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating the issues that satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). This requires more than proving the absence of frivolity. *Miller-El* v. Cockrell, 537 U.S. 332, 338, 123 S.Ct. 1029, 1040 (2003).

In his initial habeas petition, Petitioner asserted constitutional improprieties in the jury selection process (Claim I), that the state trial court erred in admitting certain witnesses' identification testimony (Claim II), prosecutorial misconduct (Claim III), improper jury instructions (Claim IV), sentencing errors (Claim V), and entitlement to a new trial and *Brady* violations based upon newly-discovered evidence (Claim VI). Petitioner filed a motion to amend the petition, which the Court granted in part and

---

Service certifying that the Answer had been served on Petitioner (Doc. 12). In any event, Petitioner seeks additional time for the purpose of demonstrating that "reasonable jurists would find the court's assessment of the claims in the petition debatable or wrong." Because this is the same inquiry as that for determining whether to issue a certificate of appealability, the Court treats Petitioner's request as a motion for a certificate of appealability.

denied in part.  As a result of the amendment, Claim V of Petitioner's initial petition was deleted and Claim VI was modified.  Petitioner had sought to add a new claim based on newly discovered evidence, however the Court denied Petitioner's request.  In its June 16, 2009 opinion and order, this Court concluded that none of Petitioner's claims entitled him to habeas relief.  The Court believes that reasonable jurists would not find this assessment of Petitioner's claims debatable or wrong.  Therefore, the court declines to issue a certificate of appealability.

The Court finds that Petitioner has satisfied the criteria for proceeding *in forma pauperis* on appeal, to the extent he is permitted to pursue an appeal.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:  
Gary Williams, #314387  
Lakeland Correctional Facility  
141 First Street  
Coldwater, MI   49036

Laura A. Cook, Esq.