UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WILLIAMS,

       Petitioner,

v.                                                                       Case Number: 07-CV-12318
                                                                       Honorable Patrick J. Duggan

JAN E. TROMBLEY,

       Respondent.

_____/

## **OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

       Petitioner Gary Williams ("Petioner"), a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On June 16, 2009, this Court denied the petition and declined to issue a certificate of appealability. Similarly, on January 12, 2010, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability.

       Presently before the Court is Petitioner's Rule 60(b)(3) Motion for Relief from Judgment, filed April 5, 2010. In his motion, Petitioner argues that he is entitled to have the denial of his petition set aside because Respondent failed to serve him with a copy of her response to his petition ("Answer"). In an earlier filing, Petitioner requested additional time to file a motion for reconsideration with respect to the dismissal of his Petition for this same reason. Petitioner argued then and now that he was "defrauded" by Respondent by the alleged failure to serve him with a copy of the Answer despite the

fact that Respondent filed a Certificate of Service certifying that the Answer had been served on Petitioner (Doc. 12.)

Federal Rule of Civil Procedure 60(b)(3) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "requires fraud by an adverse party to warrant relief from judgment." *Mayhew v. Gusto Records, Inc.,* 69 Fed. App'x 681, 682 (6th Cir. 2003). In the context of a habeas petition, relief only is allowed pursuant to Rule 60(b)(3) if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings."[1] *Buell v. Anderson,* 48 Fed. App'x 491, 496 (6th Cir. 2002).

For the purpose of ruling on this motion, the Court accepts Petitioner's claim that he did not receive the Respondent's Answer to his petition. Petitioner, however, has not alleged fraud or misrepresentation on the part of Respondent. He only alleges that Respondent failed to serve him with a copy of the Answer. While Respondent may not have *received* the Answer, Respondent filed a certificate of service indicating that the Answer in fact was mailed to him. (Doc. 12 at 34.)

In any event, Petitioner has not demonstrated that relief is warranted. This Court's opinion and order on June 16, 2009, was not based on Respondent's Answer. Rather, as indicated in the decision, it was based on the state court record.

---

[1] A Rule 60(b) motion that does not assert fraud by the respondent in the habeas proceeding is treated as an improper attempt to file a second or successive petition. *See Buell v. Anderson*, 48 Fed. App'x 491, 495 (6th Cir. 2002).

In his motion, Petitioner alludes to an inability to amend his petition or exhaust other claims that are purportedly tied to this alleged failure of service; however, he fails to specify what if any other claims or amendments he might have asserted.[2] The Court notes that Respondent's Answer addressed the merits of Petitioner's claims and provided no basis for raising new claims Petitioner might have in addition to those he had exhausted and raised in his petition.

For these reasons, the Court concludes that Petitioner is not entitled to relief from judgment under Rule 60(b)(3).

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for relief from judgment is **DENIED**.


DATE: **April 30, 2010**               s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Gary Williams, #314387
Lakeland Correctional Facility
141 First Street
Coldwater, MI   49036

Laura A. Cook, Esq.

---

[2] Notably, Petitioner previously moved to amend his petition on March 12, 2009. This Court granted in part and denied in part his request on June 16, 2009 and, in the same opinion and order, found no merit to the amended claims. (Doc. 15.)